IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**EMPLOYERS MUTUAL CASUALTY COMPANY**                     **PLAINTIFFS**

**VS.**                              **CIVIL ACTION NO. 3:11CV210-HTW-LRA**

**JAMES SALYER, ET AL**                                     **DEFENDANTS**

### OPINION AND ORDER

This cause is before the court on the Motion for Summary Judgment filed by plaintiff Employers Mutual Casualty Company ["EMCC"].  No defendant has responded to the motion, even after the court entered an Order to Show Cause, so the factual allegations of plaintiff have not been rebutted.  Having considered the pleadings, the attachments thereto, as well as supporting authorities, the Court finds that the motion is well taken and should be granted.

### I. Factual Background and Procedural History

On or about April 12, 2011, EMCC filed a Complaint for Declaratory Relief relating to five policies of commercial general liability insurance it issued to defendant Engineers Laboratories, Inc. ["ELI"] from 2007-2010.  ELI had initially requested defense and indemnification related to a third-party complaint filed against ELI by Noble Real Estate, Inc., a co-defendant in litigation initiated by James and Sheila Salyer in the Circuit Court of Madison County, Mississippi.  This third party complaint was dismissed in the Salyers action, but the Salyers amended their complaint to include a direct claim against the insured, ELI.

The instant case involves EMCC's rights and duties with respect to the amended complaint filed by the Salyers in the Madison County litigation.  EMCC filed this action to

establish that it does not owe and has never owed any obligation whatsoever connected with the Salyer litigation and cannot be held liable to ELI for any judgment or settlement arising from or connected in any way with the Salyer litigation.

EMCC sued as defendants the Salyers, who filed an answer to this complaint but did not file a response to the summary judgment motion.  EMCC also named and served the complaint on defendants Noble Real Estate, Inc.; Arthur Noble; Jimmy C. Halfacre, d/b/a/ Halfacre Engineering & Inspection; Lonnie Harris, d/b/a Harris Construction; Engineers Laboratories, Inc.; and, Environmental Landscape Services, Inc.  None of these defendants responded to the complaint, and the clerk entered defaults against them on September 27, 2011 [docket nos. 21-36].

## II.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(C).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); see also, *Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 549 (5th Cir. 1989); *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988).

Although no defendant in this case responded to the summary judgment motion, the district court must look at the summary judgment evidence to determine whether judgment is appropriate. *See John v. State of La. (Bd. of Trs. for State Colls., & Univs.),* 757 F.2d 698, 709 (5th Cir. 1985) (summary judgment cannot be supported solely on the ground that the non-movant failed to respond to the motion); *Harrison v. Corr. Corp. of America,* No. 11-20464, 2012 WL 1623575, at *2 (5th Cir. May 9, 2012) (unpublished op.) (reviewing grant of summary judgment to which no response was filed and stating that the summary judgment records included the exhibits included in non-moving plaintiff's petition.)

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.  The movant need not, however, support the motion with materials that negate the opponent's claim.  *Id*.  Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists.

### III. Discussion

In determining a coverage issue, the court must look to the factual allegations made in the underlying liability litigation. *E.E.O.C. v. Southern Pub. Co., Inc.,* 894 F.2d 785, 789 (5th Cir. 1990).  In the Salyers' amended complaint, they charge that ELI negligently performed soil testing on their home's lot prior to the construction of the foundation. Further, ELI negligently determined the proctor density needed for the sub-grade soil to be stable; because of the improper testing, the fill which was placed below the home was not stable, causing the fill material beneath the home to be subject to significant settlement and movement, and requiring repairs costing $67,820.

Plaintiff EMMC asserts that the allegations and claims in the Salyers' complaint are outside its coverage under the policies issued to ELI because of Endorsement CG 22 33 07 98. This endorsement *excludes* from coverage any injury or damage [or reporting of or reliance] from an error, omission, defect or deficiency in any test performed or an evaluation. It also excludes any error, omission, defect or deficiency in experimental data or the insured's interpretation of that data.

The Salyers' complaint does contend that ELI was hired to perform soil evaluations and testing to be relied upon in the construction; and, that ELI failed in its testing of the soil on the home's lot and was negligent in its evaluation and testing methods. These claims come within the endorsement exclusion, and the court finds that plaintiff is entitled to a judgment on this basis.

Additionally, plaintiff EMMC contends that its Endorsement CG 22 43 07 98 excludes any coverage under its policies to ELI. This "professional services" provision excludes any injury or damage arising out of the rendering or failure to render any professional services by ELI or by any engineer, architect or surveyor who is employed by ELI. A similar "professional services" exclusion was addressed and applied in the case of *QBE Ins. Co. v. Brown & Mitchell*, 591 F.3d 439 (5th Cir. 2009), and this holding is applicable in the case now before the court. The court finds that plaintiff is also entitled to a judgment on this basis.

As asserted by plaintiff EMMC, and not rebutted by evidence set forth by any defendant, the court finds that both endorsements apply and exclude coverage to ELI in the Salyers' litigation.

4

As a separate basis for the relief sought, the court also finds that plaintiff EMMC is entitled to a judgment at law on the basis that the requests for admissions on file and served upon all defendants were not answered; hence, the matters set forth therein are "conclusively established . . . ." *See* FED. R.CIV. P. 36(b). The 28 requests for admissions were served on all defendants on September 1, 2011, and were never answered by any defendant. These admissions establish that the EMMC policies issued to ELI do not provide any coverage for the Salyers' claims against ELI in the Madison County litigation. EMMC is entitled to a judgment as a matter of law by virtue of the admissions, separately and independently of the coverage analysis discussed above.

Plaintiff EMMC asserts that it is entitled to a default judgment as to all defendants other than the Salyers under FED.R.CIV.P. 55. However, because it has met its substantive burden of establishing its entitlement to judgment as a matter of law, it requests that a Rule 56 summary judgment be entered, as opposed to a Rule 55 default judgment. Because plaintiff has met its substantive burden of proof, the court shall enter a Rule 56 summary judgment, as opposed to a Rule 55 default judgment. *See Nationwide Mut. Fire Ins. Co. v. Mitchell By and Through Seymour*, 911 F.Supp. 230 (S.D. Miss. 1995) (plaintiff insurance company in declaratory judgment action granted summary judgment instead of default judgment where insured had neither answered complaint or responded to motion for summary judgment and insurer had met substantive burden on summary judgment).

The court concludes that there is no genuine issue as to any material fact in this case, and the moving party [EMMC] is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(C). The court does hereby adjudicate that:

    A.    EMCC does not owe and has never owed any obligation whatsoever connected with the underlying Salyer litigation, including, without limitation, no obligation to defend any complaint, third party complaint, counter-claim and/or other process or pleadings, or to settle, investigate, defend, and/or indemnify Engineers Laboratories, Inc., nor any obligation to any other defendant herein with regard to same; and

    B.    EMCC cannot be held liable to Engineers Laboratories, Inc., for any judgment or settlement any party might secure against it or with Engineers Laboratories, Inc., arising from or connected in any way with the Salyer litigation.

### IV. Conclusion

For the foregoing reasons:

IT IS HEREBY ORDERED that the plaintiff's Motion for Summary Judgment [Docket No. 37] is granted. A Final Judgment in favor of plaintiff shall be entered this day.

SO ORDERED this the 29th day of August, 2012.

                            s/ Henry T. Wingate  
                            UNITED STATES DISTRICT JUDGE